cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD SNOWTEN,<br>Plaintiff,<br>v.<br>CITY OF SAN DIEGO, a governmental agency, et al.,<br>Defendants. | ) | Civil No. 09cv1511 BEN (AJB)<br><br>Order on Joint Statement<br><br>[Doc. No. 19] |

The parties filed a joint statement regarding the Plaintiff's discovery requests[1] seeking disclosure of police personnel records.[2] At issue in this motion are 1) the internal affairs investigation of the Plaintiff's arrest; 2) past complaints against Officer Doeden for excessive force or assault; and 3) Officer Doeden's personnel file. The Court has performed an in camera review of the documents listed on the Defendants' privilege log, weighed the potential benefits of disclosure against the potential disadvantages and ORDERS the following documents be produced as set forth below, pursuant to the filing and entry of a joint protective order by and between the parties.

///

///

[1] The Plaintiff's counsel initially filed an "Emergency Motion to Compel" [Doc. No. 17] without leave of Court and in contradiction of the Court's instructions that the parties file a joint statement. The Court hereby strikes Doc. No.17 and rules in this order on the Joint Statement [Doc. No. 19]

[2] *See* Cal. Evid.Code § 1043; Cal. Penal Code § 832.7; *see Pitchess v. Superior Court*, 11 Cal.3d 531, 113 Cal. Rptr. 897, 522 P.2d 305 (1974) ("Pitchess").

***Background***

The Plaintiff's complaint alleges causes of action for negligence, assault and battery, wrongful arrest and excessive force pursuant to 42 U.S.C. § 1983 and violations of California Civil Codes sections 52.1 and 51.7 against the City of San Diego, the San Diego Police Department and San Diego Police Officer W.R. Doeden, for the Plaintiff's February 15, 2008 arrest. The Plaintiff states that at approximately 9:00 a.m. on February 15, 2008, he arrived at his workplace, a residence located at 644 South 36th Street in San Diego and parked his vehicle out front and approached the residence. Soon thereafter, the Plaintiff states that he was confronted by Officer Doeden and other San Diego Police Officers who were looking for an African-American male by the name of Harold Snowten who was suspected of making threats with a firearm.

The Plaintiff alleges that he specifically identified himself to Officer Doeden as Harold Wesley Snowten III, that he was simply coming to work, that he was not the man the police were looking for and that he had a brother by the same name. The Plaintiff claims that he fully complied with the officers' requests and did not in any manner delay or resist arrest. Defendants, however, contend that the Plaintiff was not cooperating with the officers on the scene and was resisting arrest. The Plaintiff states that Officer Doeden "swept" his feet, violently throwing him to the ground, face first. The Plaintiff claims that Officer Doeden applied a wrist twist and arm bar while Plaintiff was face down on the street and placed his left knee on the Plaintiff's shoulder area and utilized his body weight to hold the Plaintiff down. The Defendants contend that the Plaintiff continued to resist, which required Officer Doeden to hit the Plaintiff with a distraction blow with his knee to the Plaintiff's left side between his ribs and stomach in order to place hand cuffs on the Plaintiff. After the Plaintiff was handcuffed and was lifted to his feet, he states that he was bleeding profusely from his face and there was a two foot square pool of blood on the street that was so significant that it required HAZMAT clean up. The Plaintiff was taken to UCSD Medical Center where he was treated for cuts and abrasions to his face. The Plaintiff was charged with resisting arrest under California Penal Code Section 148(a)(1), but the charge was dismissed for lack of evidence.

///

///

***Discussion***

Federal Rule of Civil Procedure 26(c) provides that a court may limit discovery to protect from annoyance, embarrassment, oppression, or undue burden or expense. Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed.2d 725 (1976). Government personnel files are considered official information. *See, e.g., Zaustinsky v. University of Cal.*, 96 F.R.D. 622, 625 (N.D. Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). In determining what level of protection to afford the official information privilege, courts balance the interests of the party seeking discovery against the interests of the governmental entity asserting the privilege. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D. Cal. 1987). The party requesting the information must describe how the information sought is "reasonably calculated to lead to discovery of admissible evidence, identifying interests . . . that would be harmed if the material were not disclosed, and specifying how that harm would occur and how extensive it would be." *Id*. at 671. The courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-85 (5th Cir.1980); *Zaustinsky*, 96 F.R.D. at 625.

At issue in this motion are: 1) the internal affairs investigation of the Plaintiff's arrest; 2) the internal affairs investigations of past complaints against Officer Doeden for excessive force or assault; and 3) Officer Doeden's personnel file. The Defendants have produced a privilege log for the responsive documents withheld on the basis of official information, executive privilege and/or right of privacy and lodged these documents with the Court for in camera review. The Court has performed an in camera review of the documents listed on the Defendants' privilege log, weighed the potential benefits of disclosure against the potential disadvantages and ORDERS the following documents be produced as set forth below.

Source numbers 3, 6, 7, 10, 13, 15, 20, 28, 29, 31, 34, 35, 37, 41, 47, 48, 53, 56, 57, 60, 62, 65, 66, 78, 82, 83, 93 which demonstrate relevant training certificates received by Officer Doeden shall be produced. These documents shall be deemed confidential and for attorney eyes only.

Source numbers 72, 79, 80, 81, 85, 86, 87, 88, 90, 94, 96, 101, 103, 109, 110, 113, 123, 125, 130, 132, 140, 147, 148 and 153 in binder 5 and source numbers 2- 23 and 25 in binder 6, which are performance reports that contain an initial check the box form section and then a subsequent 'see attached' evaluative written section. The Court hereby Orders a partial production of only the initial form section of each report as this section provides the necessary factual information requested by the Plaintiff and still preserves the privileges associated with the evaluative written comments on the form or in the pages attached thereto. These documents shall be deemed confidential and for attorney eyes only.

Source numbers 144, 156, 157, 158 and 159 represent the internal affairs investigations of the incident which is the subject of this case as well as other investigations of allegations of excessive force or assault against Officer Doeden. Upon in camera review of these documents, the Court finds only portions of 156, 157 and 158 to be relevant.

With regard to source number 156, the internal affairs investigation of an officer involved shooting involving Officer Doeden, the Court orders production of: (1) the witness list, pages 1-4, excluding personal information such as address, phones numbers, height, weight, and date of birth; (2) the summary, page 5; and (3) WD-IA-352. These documents shall be deemed confidential and for attorney eyes only.

With regard to source number 157, the internal affairs investigation of a subject arrest and allegations of excessive force and assault, the Court orders the following production from Sergeant Rosario's investigation: (1) the witness list, pages 1-2, excluding personal information such as address, phone numbers, height, weight, and date of birth; (2) the summary, page 3; (3) allegations, page 4; (4) complainant, witness and officer interviews, pages 13-27; and (5) WD-IA-948. These documents shall be deemed confidential and for attorney eyes only.

With regard to source number 158, the internal affairs investigation of the plaintiff's arrest, the Court orders the following production from Sergeant Rosario's investigation: (1) the witness list, pages 1-6, excluding personal information such as height, weight, and date of birth; (2) the summary, page 7; (3) allegations, page 8; (4) witness and officer interviews, pages 11-65; and (5) the document list, page 68; all documents bates numbered WD-IA-0072 through WD-IA-0086, WD-IA-0087 through WD-IA-

0089 excluding personal information such as height, weight, and date of birth; WD-IA-0090 through WD-IA-0113; WD-IA-0114 through WD-IA-0116 excluding personal information such as height, weight, and date of birth; WD-IA-0124 through WD-IA-0164; WD-IA-0168 through WD-IA-0202; WD-IA-0205, WD-IA-0206, WD-IA-0208, WD-IA-0209 and WD-IA-0211 through WD-IA-0246. These documents shall be deemed confidential and for attorney eyes only, with the exception that Plaintiff's counsel may show each witness that witness' interview summary and statement only.

The parties are ordered to meet and confer on a motion for protective order regarding the copying, disclosure and use of this information and the parties shall file a joint motion for protective order with the Court ***on or before August 6, 2010***. The Defendants shall produce the documents set forth above,[3] pursuant to the protective order, within fifteen (15) days of the date the protective order is entered by this Court.

IT IS SO ORDERED.

DATED: July 29, 2010

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

[3] Given the voluminous nature of the documents submitted for in camera review, the Court has made every attempt to specifically identify sensitive personal information and protected evaluative material to be excluded from the production. However, in the event that the Court inadvertently failed to specifically identify a redaction of personal information, the Defendants shall submitted the redaction to chambers for verification.