1

2

3

4

5

6

7

8

FILED

11 APR -1  AM 8: 36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

 BY  DEPUTY

9

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 HAROLD SNOWTEN, | CASE NO. 09cv1511 BEN (PCL) |
| 13                    Plaintiff, | ORDER GRANTING IN PART |
|    vs. | DEFENDANT'S MOTION FOR |
| 14 | FULL OR PARTIAL SUMMARY |
| 15 CITY OF SAN DIEGO, a governmental | JUDGMENT AND REMANDING |
|    agency, SAN DIEGO POLICE | REMAINING CLAIMS |
| 16 DEPARTMENT, a governmental agency; | |
|    OFFICER W.R. DOEDEN, #3719, and | [Docket No. 42] |
| 17 individual; DOES 1 through 20, inclusive, | |
| 18                    Defendants. | |

19

20      Defendants City of San Diego and Officer W.R. Doeden  ("Defendants"), move for full or

21  partial summary judgment (Docket No. 42).  For the reasons set forth herein, Defendants' motion is

22  **GRANTED IN PART AND THE CASE IS REMANDED.**

23                              **BACKGROUND**

24      The following summary of facts is for context only.  It does not constitute a formal finding of

25  facts. This action arises from Officer Doeden's arrest of Harold Snowten III ("Plaintiff") on February

26  15, 2008. On the morning of February 15, 2008, Officer Doeden and his partner were dispatched to

27  the home of Christine Thomas and her son Victor Mack ("Victims") in response to a 911 call.  When

28  the officers arrived, the Victims told them two men, one with a gun, forced their way into their home

1   and a physical altercation followed.  The Victims said the incident started as an argument between

2   Mack and the two men in the front yard and when Mack went inside the house, the two suspects forced

3   their way into the home. The Victims identified the suspects as Joseph Slaughter and Harold Snowten,

4   and told the officers that the suspects lived at 644 S. 36th Street.

5          Officer Doeden left the Victim's house and proceeded to 644 S. 36th Street. Sometime after

6   Officer Doeden arrived at that house, Plaintiff walked up the driveway. Plaintiff alleges that Officer

7   Doeden asked for his name, and he said he was "Harold Westly Snowten, the III." (Pl.'s Opp'n to

8   Mot. [Docket No. 43] 2, Nov. 29, 2010). Plaintiff's appearance matched the physical description of

9   suspect Harold Snowten provided by the Victims and his clothing matched the description provided.

10  (Officer Doeden's Report [Docket No. 42-9] 2, Nov. 5, 2010). Plaintiff alleges that upon hearing his

11  name, Officer Doeden asked him to step into the street and empty his pockets. (Pl.'s Opp'n 3).

12  Plaintiff was verbally rude to the officer, but complied. *Id.* At that point, Plaintiff's family members,

13  who were in the front yard, starting yelling: "he's not the guy." (Pl.'s Opp'n 2).

14         Plaintiff alleges he put his music player on the hood of the police car, took out his cellular

15  phone and started typing a text. (Pl.'s Opp'n 3). Officer Doeden took the phone, and Plaintiff grabbed

16  it back. *Id.* After that, Officer Doeden allegedly told Plaintiff he was under arrest, swept Plaintiff off

17  of his feet, and handcuffed him on the ground. *Id.* After the arrest, police learned that the suspect they

18  were looking for was Harlond Snowten IV, Plaintiff's younger brother.

19         Plaintiff initiated this action in state court. Defendants removed the case to this Court on the

20  basis of federal question jurisdiction over the single federal claim for relief found in count six of the

21  state complaint.  On November 5, 2010, Defendants filed the motion currently before the Court.

22  Plaintiff filed an opposition, and Defendants filed a reply.  The Court finds the motion suitable for

23  disposition without oral argument pursuant to Civil Local Rule 7.1.d.1.

### DISCUSSION

25         Summary judgment should be granted "if the movant shows that there is no genuine dispute

26  as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

27  56(a).  To establish a "genuine" issue of fact when opposing summary judgment, plaintiff "must

28  produce at least some 'significant probative evidence tending to support the complaint.'" *T.W. Elec.*

1   *Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l*

2   *Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

3          In this case Plaintiff asserts a single federal claim for relief (for excessive force under 42 U.S.C.

4   §1983) and several state law claims.

5   **I.      OFFICER DOEDEN IS ENTITLED TO QUALIFIED IMMUNITY**

6          In count six, Plaintiff alleges Officer Doeden used excessive force during the arrest and

7   thereby violated his Federal Constitutional rights.  Plaintiff seeks relief under 42 U.S.C. §1983.

8   The claim is unavailing.  Officer Doeden is entitled to qualified immunity as to the federal

9   excessive force claim.  "The central purpose of affording public officials qualified immunity from

10  suit is to protect them 'from undue interference with their duties and from potentially disabling

11  threats of liability.'"  *Elder v. Holloway*, 114 S. Ct. 1019, 1022 (1994) (quoting *Harlow v.*

12  *Fitzgerald*, 457 U.S. 800, 806 (1982)), *see also Pearson v. Callahan* 129 S.Ct. 808, 815 (2009).  In

13  deciding whether qualified immunity exists the Supreme Court has laid out two questions: (1)

14  whether the facts plaintiff has shown make out a constitutional violation; and, if so, (2) whether the

15  right was clearly established at the time of the alleged misconduct.  *Pearson,* at 815-16.  Courts can

16  choose which question to consider first.  *Id.* at 818.  In deciding if a right in clearly established, the

17  Ninth Circuit has found "[t]he dispositive query is 'whether it would be clear to a reasonable

18  officer that his conduct was unlawful in the situation he confronted.'"  *Steinmetz v. City of Camas*,

19  390 Fed. Appx. 655 (9th Cir. 2010) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)), *see also*

20  *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001).

21          The rule for use of force during an arrest is clearly established in the Ninth Circuit. The use

22  of force must be balanced with the need for force.  *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir.

23  2001).  This involves weighing the force used against the circumstances, including: (1) the severity

24  of the crime;  (2) whether the suspect posed an immediate threat to the safety of the officers or

25  others;  (3) whether he was actively resisting arrest or attempting to evade arrest by flight; and (4)

26  any other exigent circumstances.  *Briley v. City of Hermosa Beach*, No. CV 05-8127, 2008 U.S.

27  Dist. LEXIS 87571 (C.D. Cal. Sept. 29, 2008) (citing *Deorle*, 272 F.3d at 1280).

28          When ruling on a motion for summary judgment "[t]he facts must be viewed and inferences

1   must be drawn in the manner most favorable to the non-moving party." *Retail Clerks Union Local*

2   *648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th 1983).  Under Plaintiff's version of events, it

3   would not have been clear to a reasonable officer that his conduct was unlawful when faced with

4   the situation Officer Doeden confronted.  Officer Doeden was confronted with a man he believed

5   had very recently forced his way into a home, either possessed a gun or was in the company of

6   someone with a gun, and physically assaulted the residents.  Plaintiff admits that he was rude and

7   only reluctantly complied with the officers initial requests.  However, Officer Doeden only used

8   force after Plaintiff grabbed his cellular phone out of the officer's hands, an aggressive physical act

9   towards the officer.

10          On its own this was enough to warrant some force.  However, Plaintiff's family also

11   contributed to the volatile situation.  Family members, who were just steps away, began to scream

12   and grew increasingly angry.  Their intentions may have been to alert the officer of his mistake, but

13   their aggressive behavior created a potential threat to the safety of the officers.  A reasonable

14   officer under the circumstances could have correctly believed the use of force was needed,

15   therefore Officer Doeden is entitled to qualified immunity.  Summary judgment on Plaintiff's

16   federal excessive force claim is **GRANTED.**

17   **II.     STATE CLAIMS**

18          This Court has granted summary judgment for the federal claim in this case.  Once federal

19   law claims have dropped out of a lawsuit, district courts have discretion to hear the remaining

20   claims, dismiss, or remand to state court.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349

21   (1988).  When determining whether to remand, the court should consider "the values of judicial

22   economy, convenience, fairness, and comity."  *Id.* at 350.  "[I]t is generally preferable for a district

23   court to remand remaining pendent claims to state court."  *Harrell v. 20th Century Ins. Co.*, 934

24   F.2d 203, 205 (9th Cir. 1991).

25          It is preferable to allow state courts to preside over claims that fall under their jurisdiction.

26   State courts are experts at interpreting and applying state law, and are therefore a better venue for

27   the remaining claims. Therefore, this Court exercises its discretion and **REMANDS** the remaining

28   state law claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the reasons set forth above, Defendants' motion for full or partial summary judgment is **GRANTED** as to count six, the §1983 claim, and the remaining claims are hereby **REMANDED** to state court.

**IT IS SO ORDERED**.

Date: March 30, 2011

_____

**The Honorable Roger T. Benitez**
**United States District Court Judge**

09cv1511